UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY E. PONCE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondent. | No.  1:21-cv-01727-JLT-HBK<br><br>ORDER REQUIRING PETITITONER TO SUBMIT SIGNED DECLARATION<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND RESPONDENT<br><br>TWENTY-ONE DAY DEADLINE |

On December 6, 2021, Petitioner filed a handwritten petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  Although not on the form approved for use, the handwritten petition identifies the ground(s) for relief upon which petitioner challenges his state conviction and sentence for first-degree murder.  (*See generally Id*.).  However, upon a close examination of the petition, the Court has discovered that the petition does not contain an original signature or name a proper respondent.  Petitioner will be granted an opportunity to cure these deficiencies.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### I. Respondent

Petitioner has failed to name a respondent. A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also Stanley*, 21 F.3d at 360. However, the chief officer in charge of penal institutions is also appropriate. *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or correctional agency. *Id*.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth.*, 423 F.2d 1326, 1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. *See West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); *Ashley v. State of Washington*, 394 F.2d 125 (9th Cir. 1968) (same). In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

### II. Signature

Rule 11 requires all pleadings, written motions, and other papers be signed by at least one

attorney of record or by a party personally if the party is unrepresented.  Fed. R. Civ. P. 11(a); Local Rule 131(b).  In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."

In light of the difficulty in having Petitioner submit a new habeas corpus petition, Petitioner is ORDERED to submit a document stating that he submitted the instant petition to the Court and sign it under penalty of perjury.   The document should contain an original signature.  Petitioner is GRANTED twenty-one (21) days from the date of service of this order to comply with the Court's directive.

Petitioner is forewarned that failure to comply with a Court order will result in dismissal of the petition pursuant to Local Rule 110.

**ORDER**

Accordingly, Petitioner is GRANTED **twenty-one days (21)** from the date of service of this Order in which to:

1. FILE a motion to amend the instant petition and name a proper respondent; and
2. SUBMIT a document stating that he submitted the instant petition to the Court, and sign it under penalty of perjury.
3. The Clerk of Court is directed to provide petitioner with a blank petition for writ of habeas corpus form labeled "Amended Petition" bearing this case number should petitioner choose instead to submit a free-standing amended petition.[1]

Failure to comply with this Order will result in a recommendation that the petition be dismissed.

Dated:    January 20, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The court's acceptance of an amended petition should not be construed as a waiver of the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1).