UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY E. PONCE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondent. | No. 1:21-cv-01727-DAD-HBK<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION<br><br>CLERK TO CORRECT NAMED RESPONDENT<br><br>(Doc. No. 9)<br><br>TWENTY-ONE DAY DEADLINE |

  Before the Court is Petitioner's motion to amend his petition. (Doc. No. 9). Petitioner seeks to amend his Petition to name Warden Christian Pfeiffer as the correct named Respondent. (*Id*.). On December 6, 2021, Petitioner filed an unsigned handwritten petition for writ of habeas corpus under 28 U.S.C. § 2254 which also named an incorrect respondent. (Doc. No. 1). On January 21, 2022, the Court *sua sponte* granted Petitioner leave to (1) amend the respondent; and (2) submit a document stating that he submitted the original Petition and sign it under penalty of perjury. (Doc. No. 7). The Court included a blank petition for writ of habeas corpus labeled "Amended Petition" to the extent Petitioner wishes to file a free-standing amended petition. (*Id*.) On February 7, 2022, Petitioner submitted the instant motion to amend the petition accompanied by an Amended Petition. (Doc. Nos. 9, 10). While Petitioner corrected the name of respondent, upon a close examination of the Amended Petition, the Court has discovered that in lieu of

1

writing the facts supporting each ground, Petitioner wrote "see the petition that petitioner has filed." (Doc. No. 10 at 4). Essentially Petitioner is incorporating by reference his original Petition into his Amended Petition. Because a petition must be "free-standing," the Court will afford Petitioner an opportunity to cure this deficiency.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Here, Petitioner has failed to comply with the aforementioned statutes and rules. The Amended Petition fails to specify the facts supporting any grounds for relief. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition is subject to dismissal. Petitioner will be granted an opportunity to file a Second Amended Petition curing this deficiency. Petitioner is advised that he should caption his pleading "Second Amended Petition," and he should reference the instant case number. The second amended petition must include all

grounds for relief raised by Petitioner, as well as a complete statement of the supporting facts **without reference to any earlier submitted petitions**.

Accordingly, it is ORDERED:

1. Petitioner's Motion to Amend his Petition (Doc. No. 9) is GRANTED to the extent the Clerk of court shall correct the docket to reflect Warden Christian Pfeiffer as the named Respondent.
2. Within **twenty-one (21) days** from the date of service of this Order, Petitioner must file a Second Amended Petition.
3. The Clerk shall provide Petitioner with a blank habeas corpus form and a courtesy copy of his original Petition (Doc. No. 1) for his use in preparing his Second Amended Petition.
4. Failure to comply with this Order will result in a recommendation that this case be dismissed.

Dated: February 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE