UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY E. PONCE,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | 1:21-cv-01727-ADA-HBK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 24) |

    Before the Court is Petitioner's Motion for Extension of Time to file a reply to Respondent's Answer, and Petitioner's Motion for Appointment of Counsel. (Doc. No. 24). Petitioner, a state prisoner proceeding pro se, has pending a second amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 12). Petitioner requests a 90-day extension of time, or until May 8, 2023, to file his response to Respondent's Answer because he has limited intellectual ability and needs help preparing his legal documents, and he was suddenly transferred to a different prison and needs time to retrieve his case file and find a "new legal helper." (Doc. No. 24 at 1-2). Petitioner also requests the Court to appoint counsel to represent him in this matter because of recent changes in California law. (*Id*. at 2).

    The Court finds good cause to grant Petitioner's an extension of time. However, the Court

will deny Petitioner's motion to appoint counsel.  There is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the court to appoint counsel:  (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings.  Petitioner was able to file his initial habeas petition and seek leave to amend his petition several times without the aid of counsel. Further, the Court finds the circumstances of this case at this time do not indicate that appointed counsel is necessary to prevent due process violations.

Accordingly, it is **ORDERED**:

1. Petitioner's Motion for Extension of Time (Doc. No. 24) is GRANTED.

   Petitioner may file a reply to Respondent's Answer no later than **May 8, 2023**.

2. Petitioner's Motion for Appointment of Counsel (Doc. No. 24) is DENIED.

Dated:  February 8, 2023

_____
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE